**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000580
20-MAR-2025
08:31 AM
Dkt. 64 SO**

NO. CAAP-21-0000580

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THINH TRAN, an individual; and SEAN KADING, an individual,
Plaintiffs-Appellants,
v.
DEPARTMENT OF PLANNING FOR THE COUNTY OF MAUI; COUNTY OF MAUI;
MAYOR RICHARD BISSEN,[1] successor in interest; KATE BLYSTONE,[2] in
her capacity as DIRECTOR OF THE DEPARTMENT OF PLANNING,
Defendants-Appellees, and DOES 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-20-0000316)

**<u>SUMMARY DISPOSITION ORDER</u>**
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Thinh **Tran** and Sean **Kading** appeal from the September 2, 2022 **Amended Final Judgment** for the Maui County Department of Planning and its **Director** and the County of Maui and its Mayor (collectively, the **County**) entered by the Circuit Court of the Second Circuit.[3] They challenge the order dismissing their second amended complaint for lack of subject matter jurisdiction.

---

[1]     Richard Bissen, the current Mayor of the County of Maui, is substituted for former Mayor Michael Victorino under Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 43(c)(1).

[2]     Under HRAP Rule 43(c)(1), Kate Blystone has been substituted for former Director of the Department of Planning Michele McLean.

[3]     The Honorable Peter T. Cahill presided.

We vacate the Amended Final Judgment and remand for further proceedings.

Tran and Kading filed the second amended complaint on April 1, 2021. It made these allegations: Tran owned two houses, and Kading owned one house, in Kaanapali Golf Estates (**KGE**). KGE's 1990 supplemental **Declaration** allowed owners to rent units to tenants for 30-day periods. In 2012 the County adopted **Ord. 3941,** which created a new permitted-use category called *short-term rental home* (**STRH**). See Maui County Code (**MCC**) Chapter 19.65. It required an owner to obtain an STRH permit to rent a house to a tenant for less than 180 days. MCC § 19.65.050.

According to the second amended complaint, Tran rented his houses to tenants for 30-day periods before Ord. 3941 was adopted. Kading bought a lot in 2012 (the year Ord. 3941 was adopted) "with the intent and expectation" based on the Declaration that he could build a house and rent it to tenants for 30-day periods. Kading applied for an STRH permit. The Maui **Planning Commission** conducted a contested case hearing, then denied the application. After the second amended complaint was filed, Kading filed a Hawaii Revised Statutes (**HRS**) § 91-14 appeal from the Planning Commission's decision, Kading v. Maui Planning Commission, Judiciary Information Management System Case No. 2CCV-21-0000154 (the **Agency Appeal**).[4] The circuit court hearing the Agency Appeal entered a decision and order affirming the Planning Commission decision. The Agency Appeal remains pending because no Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 72(k) judgment has been entered.

Tran did not apply for an STRH permit but if he did, he claims it would probably be denied because the people who opposed Kading's application would probably oppose his application.

---

[4] We take judicial notice of Kading's agency appeal under Hawaii Rules of Evidence Rule 201.

The second amended complaint's first count alleged that Tran's and Kading's property was unconstitutionally taken by the County without compensation.[5]  The second count alleged the County should be estopped from enforcing Ord. 3941 against Tran and Kading because they bought their respective properties in reliance on the County having approved the Declaration, which allowed 30-day rentals within KGE.

The County moved to dismiss the second amended complaint for lack of subject matter jurisdiction.  The circuit court entered findings of fact, conclusions of law, and an order dismissing the second amended complaint with prejudice on July 7, 2021.  Judgment was entered on September 21, 2021.  This appeal followed.  After a temporary remand, the Amended Final Judgment was entered on September 2, 2022.

The County's motion to dismiss challenged the circuit court's subject matter jurisdiction.  We review questions of jurisdiction de novo.  Hawaii Government Employees Association, Local 152 v. Lingle, 124 Hawaiʻi 197, 201, 239 P.3d 1, 5 (2010).  A circuit court deciding an HRCP Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is not restricted to the pleadings, and may receive evidence to resolve factual disputes over jurisdiction.  Davis v. Bissen, 154 Hawaiʻi 68, 77, 545 P.3d 557, 566 (2024).

Tran and Kading's statement of the points of error challenges the circuit court's findings of fact (**FOF**) nos. 2, 5, and 6, and conclusions of law (**COL**) nos. 5, 6, 10, and 17.  We review findings of fact under the *clearly erroneous* standard, and conclusions of law under the *right/wrong* standard.  Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).  We review a mixed finding of fact and conclusion of law

---

[5]     The Fifth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, provides that "private property [shall not] be taken for public use, without just compensation." Article I, section 20 of the Hawaiʻi Constitution similarly provides: "Private property shall not be taken or damaged for public use without just compensation."

under the *clearly erroneous* standard because it implicates the facts and circumstances of the specific case. Id. Unchallenged findings of fact are binding on appeal. Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002).

Tran and Kading's argument does not follow their points of error. They argue — incorrectly — that the circuit court had to assume the truth of the allegations in their second amended complaint or, alternatively, that there were genuine issues of material fact. Neither standard applies to an HRCP Rule 12(b)(1) motion to dismiss for lack of jurisdiction. Davis, 154 Hawaiʻi at 77, 545 P.3d at 566. Accordingly, we first review the challenged FOFs and COLs.

The circuit court found:

> 2.    [Tran and Kading's] properties, and KGE, are zoned within a residential R-3 zoning district, which under current law requires a minimum rental period of 180 days, unless the owner obtains a Short Term Rental Permit (STRH Permit).

FOF no. 2 is a mixed finding and conclusion. The second amended complaint alleged that KGE was zoned R-3. The circuit court did not err by making that finding. FOF no. 2 referred to "current law" — that is, after Ord. 3941 was adopted. For residential-zoned property, "bed and breakfast home" and STRH were the only permitted uses allowing rentals of less than 180 days. MCC § 19.08.020. The bed and breakfast use is not at issue here. FOF no. 2 is not clearly erroneous under the circumstances of this case.

The circuit court found:

> 5.    [Kading] did not communicate with the Director, or anyone within the Department of Planning regarding a finding of non-conforming use on his own, specific properties within KGE.
>
> 6.    [Tran] did not communicate with the Director, or anyone within the Department of Planning, regarding the status of KGE or his own specific properties within KGE.

(Citations to record omitted).

4

These findings were supported by then-planning director Michele **McLean**'s declaration and the email thread between McLean and Kading. FOF nos. 5 and 6 are not clearly erroneous.

The circuit court concluded:

> 5.    [Tran] never communicated with the Department of Planning on the status of KGE or his own properties, and never made a request that the Director provide him with a non-conforming use finding of his property.
>
> 6.    [Tran] never received a final decision from the Department as to the effect of the regulations on his property.

COL nos. 5 and 6 are actually findings of fact. They were supported by McLean's declaration. They are not clearly erroneous.

The circuit court concluded:

> 10.    [Kading] did communicate with the Director regarding the status of KGE as a whole, but not the status of his own property within KGE. The Department's response to [Kading]'s request does not qualify as a final decision on his own property, and thus cannot sustain a takings claim.

COL no. 10 is a mixed finding and conclusion. The first sentence is a finding that is consistent with FOF no. 5, supported by McLean's declaration and the email thread, and not clearly erroneous. The second sentence is a conclusion of law. It is not wrong. The Department's response to Kading's request was: "Our *response* hasn't changed from the previous responses we have given. The property [KGE] has never been zoned to allows [sic] short-term rental." (Emphasis added.) It was an email, not a letter on Department letterhead. The email subject line was "Re: KGE Grandfathering Request - follow up". Even if this email was a "final decision," it could not have supported a regulatory taking claim because Kading never applied for a

nonconforming use exception for his own "structure or zoning lot."[6]  MCC § 19.04.040.

The circuit court concluded:

> 17.    Plaintiffs had the option to appeal the Director's decision regarding KGE as a whole as "person[s] aggrieved" to the [Board of Variances and Appeals] (despite not establishing standing to do so, herein).  However, neither [Tran nor Kading] appealed the Director's decision regarding KGE.

Any error in COL no. 17 was harmless, because Kading's failure to request a nonconforming use exception for his structure or zoning lot renders his regulatory taking claim unripe.

We next review the substantive issues.  The County's motion to dismiss argued that the circuit court lacked jurisdiction because Tran and Kading didn't exhaust their administrative remedies, and their regulatory taking claims were not ripe.

**(1)**  The exhaustion doctrine applies when a party seeks judicial review of the substance of an adverse administrative decision.  Leone v. Cnty. of Maui, 128 Hawai‘i 183, 192, 284 P.3d 956, 965 (App. 2012).  "Thus, exhaustion of any appeals permitted within the administrative process is required before seeking relief from the courts."  Id.  The second amended complaint did not seek judicial review of an adverse administrative decision.  Count I sought compensation for a regulatory taking, and Count II sought to estop the County from enforcing Ord. 3941 against Tran

---

[6]      Tran and Kading's brief uses the term "grandfathered," but the MCC uses the term "nonconforming uses":

> "Nonconforming uses" means any use of **a structure or zoning lot** which was previously lawful but which does not conform to the applicable use regulations of the district in which it is located, either on the effective date of the ordinance codified in this article or as a result of any subsequent amendment.

MCC § 19.04.040 (2021) (emphasis added).  The current definition applied during the time material to this appeal.

and Kading.  Exhaustion of administrative remedies does not apply here.

The ripeness doctrine applies to Count I.  "[B]efore a property owner may initiate a suit seeking compensation for a taking, the claim must be ripe."  Leone, 128 Hawaiʻi at 190, 284 P.3d at 963.  "[R]ipeness is an issue of subject matter jurisdiction."  Id. at 189, 284 P.3d at 962.  A regulatory taking claim "becomes ripe when the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue."  Id. at 190, 284 P.3d at 963 (cleaned up).

Tran did not apply for approval of a nonconforming use under MCC §§ 19.500.110 & 19.510.10.  His regulatory taking claim was not ripe.  The circuit court did not err by dismissing Count I of the second amended complaint as to Tran.  But the dismissal should have been *without* prejudice because there was no decision on the merits.

Kading applied for an STRH permit.  The Planning Commission denied his application.  That decision is the subject of the Agency Appeal, which seeks review of the substance of that administrative decision.  Relevant to the ripeness analysis for this case, Kading did not apply for a nonconforming use exception for his own structure or zoning lot.  Kading's regulatory taking claim was not ripe because there has been no final decision foreclosing him from getting a nonconforming use exception.  Cf. Leone, 128 Hawaiʻi at 192, 284 P.3d at 965.  The circuit court did not err by dismissing Count I of the second amended complaint as to Kading.  But again, the dismissal should have been without prejudice because there was no decision on the merits.

**(2)**  Count II of the second amended complaint claims the County should be equitably estopped from enforcing Ord. 3941 against Tran and Kading.  "The theory of equitable estoppel requires proof that one person wilfully caused another person to erroneously believe a certain state of things, and that person reasonably relied on this erroneous belief to his or her

7

detriment." <u>Maria v. Freitas</u>, 73 Haw. 266, 273, 832 P.2d 259, 264 (1992). Tran and Kading argue they "relied on the County's prior approvals" of the 1990 supplemental Declaration, which let KGE owners rent their units to tenants for 30-day periods. The circuit court had subject matter jurisdiction over the equitable estoppel claim under HRS § 603-21.5(a)(3) (2016). The doctrines of ripeness and exhaustion of administrative remedies do not apply to Count II. We express no opinion on the merits of that claim.

The September 2, 2022 Amended Final Judgment is vacated, and this case is remanded to the circuit court. On remand, the circuit court should enter an order dismissing Count I of the second amended complaint without prejudice, and adjudicate Count II on the merits.

DATED: Honolulu, Hawaiʻi, March 20, 2025.

On the briefs:

Terrance M. Revere,
Amanda L. Dutcher,
for Plaintiffs-Appellants.

Kristin K. Tarnstrom,
Brian A. Bilberry,
Deputies Corporation Counsel,
County of Maui,
for Defendants-Appellees.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge